# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JONATHAN B. BALLARD,                                                    PLAINTIFF
ADC # 146466

v.                                        5:16CV00260-JLH-JJV

SHONDRA SIMS, Department Head,
Randall L. Williams Unit; *et al.*                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Jonathan B. Ballard ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"), and he has filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges that prison staff violated his constitutional rights when he was expelled from the Substance Abuse Treatment Program (SATP) without an investigation. (*Id.* at 4-5.) After carefully reviewing the pleadings, I conclude Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## III. ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Complaint, Plaintiff states he completed six (6) months and fourteen (14) days of SATP. (Doc. No. 2. at 4.) He was removed from SATP twenty-four (24) days prior to graduation based on allegations from another inmate that Plaintiff argues were not investigated by prison staff. (*Id.* at 4-5.) He says, "Mrs. Sims, Mr. Albriton, Mr. Corbin [erroneously] expelled me from the program without ever consulting with myself. . . ." (*Id.* at 4.) Plaintiff alleges that while

participating in SATP, he "was picked and singled out by staff and inmates alike the whole time I was in the program for being myself which is a program rule. I advised staff and inmates I am an identified gay/transgender 'male to female.'" (*Id*. at 5.)

Plaintiff's claims paint a very unfortunate set of circumstances. But it is well established that an inmate does not have a constitutional right to rehabilitation, education, or jobs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). I realize removal from the program likely has very real consequences to Plaintiff. Presumably, Mr. Ballard's eligibility for parole is impacted because of these events. However, Plaintiff also has no constitutional right to parole as "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quotation omitted). Lastly, the denial or termination of discretionary prison programs also does not result in an atypical or significant hardship in relation to the remainder of the prison population. *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011). Therefore, Plaintiff simply has no constitutional right to participation in SATP and his case should be dismissed.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED for failure to state a claim on which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

5

     3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 26th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE